[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12289
Non-Argument Calendar
_____

D.C. Docket No. 0:19-cv-62967-AHS

ODEIU JOY POWERS,

Plaintiff-Appellant,

versus

SECRETARY, U.S. HOMELAND SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 9, 2021)

Before MARTIN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Pro se litigant Odeiu Powers appeals the district court's grant of the defendant's motion for judgment on the pleadings, dismissing her claims of race discrimination and retaliation. Because the district court erred in using the *McDonnell Douglas* evidentiary standard to evaluate Powers's claims at the pleading stage and abused its discretion by dismissing the action without first providing notice of the complaint's deficiencies and an opportunity to amend, we vacate the dismissal and remand for further proceedings consistent with this opinion.

I.

Powers was hired to work as an auditor for the Department of Homeland Security on a one-year probationary period, but she was terminated after nine months. After pursuing administrative remedies through the Equal Employment Opportunity Commission and the Merit Systems Protection Board, Powers, who is African-American, filed a complaint against the Secretary of Homeland Security alleging that her supervisor began treating her unfairly after she wore her hair in an afro style during a training seminar. Powers alleged that her supervisor tried to have her fired immediately after the training and that "months of disparate treatment followed," including the supervisor giving a white coworker credit for Powers's work. She further alleged that she filed formal and informal grievances, which were not addressed, and that when she appealed to her supervisor's

superiors to "review [her] work for fairness," her supervisor immediately initiated her termination. Powers used a form for pro se employment discrimination complaints and checked blanks on the form indicating that she was claiming harassment, discrimination, and retaliation based on race in violation of Title VII of the Civil Rights Act.

Before serving the Secretary with her complaint, Powers filed her initial disclosures, which provided more factual background for her complaint and clarified that she was alleging race discrimination and retaliation under both Title VII and 5 U.S.C. § 2302(b)(1)(A), and reprisal in violation of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8)–(9).[1] She also alleged that her termination was illegal because she had been fired without the notice and other procedural protections to which she was entitled by statute and regulation—regardless of her probationary status—as a preference-eligible veteran who had completed an initial service period with another federal agency.

The defendant filed an answer denying the claims of discrimination and retaliation alleged in Powers's complaint, and after the scheduling-order deadline

---

[1] Section 2302 prohibits federal supervisory employees from engaging in certain personnel practices. Specifically, 2302(b)(1)(A) prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. Section 2302(b)(8) prohibits adverse employment action because of an employee's disclosure of, among other things, a "violation of any law, rule, or regulation," or "gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." And § 2302(b)(9) forbids federal supervisory employees from taking any personnel action because of, among other things, "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation."

for amending the pleadings passed, it moved for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c). In response, Powers argued in

part that her claims were not limited to the race discrimination and retaliation

claims made in her complaint, but also included claims that the defendant violated

her due process rights and whistleblower protection laws as described in her

subsequent filings. She reminded the court that she was representing herself and

was unfamiliar with the legal precedents cited by the defendant, and she requested

that, if her "initial filing was as deficient as" the Secretary claimed, she be given

"the opportunity to do so [sic] with more than seven days to respond instead of

having my case outright dismissed."

The district court granted the defendant's motion and entered judgment in its

favor. In its order, the court characterized Powers's contention that her supervisor

began treating her unfairly after she wore her hair in an afro as an allegation that

her supervisor made "discriminatory remarks on her looks and fashion." The court

evaluated the race discrimination claims in Powers's complaint using the burden-

shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S.

792 (1973), stating that it was required to do so because Powers relied on

circumstantial evidence to support her claims. The court found that Powers had

not stated a claim of race discrimination under Title VII because she had not

identified a comparator—that is, a similarly situated employee of another race who

4

was treated more favorably—as required to make out a prima facie case of discrimination under the *McDonnell Douglas* framework. It rejected Powers's retaliation claims on the ground that Powers's alleged complaints about unfair treatment did not amount to a protected activity under Title VII, and Powers therefore had not alleged facts showing that she had been terminated for opposing a practice made unlawful by the statute. The court did not address the additional claims and factual allegations in Powers's initial disclosures; nor did it address her inartfully worded request to amend her complaint in response to the defendant's motion for judgment on the pleadings.

Powers filed a motion for reconsideration, arguing that the court had "patently misunderstood the full extent of" her claims and referring the court to her initial disclosures. The district court denied the motion for reconsideration in a paperless order. Powers now appeals.

## II.

We review an order granting judgment on the pleadings de novo. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). We review a district court's denial of leave to amend a complaint for an abuse of discretion. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

"In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we

5

view those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted). The ultimate question on a motion for judgment on the pleadings under Rule 12(c) is the same as on a motion to dismiss under Rule 12(b)(6)—whether the complaint states a claim for relief. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff's allegations must be sufficient to "give the defendant fair notice" of the nature of the plaintiff's claim "and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts "must make reasonable inferences in Plaintiffs' favor" at the pleadings stage, we are not required to draw every inference that the plaintiff

6

suggests.  *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).

We construe pro se filings liberally, and we "hold the allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Id.* at 1168–69.  And "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  "Thus, at a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).

Title VII makes it unlawful for an employer to discharge or discriminate against an employee because of the employee's "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Title VII's retaliation provision makes it unlawful for an employer to retaliate against an employee because the employee "has opposed any practice made an unlawful employment practice by this subchapter" or "made a charge, testified, assisted, or participated in any

manner in an investigation, proceeding, or hearing under this subchapter." *Id.*
§ 2000e-3(a).

As "a general matter, Title VII protects persons in covered categories with
respect to their immutable characteristics, but not their cultural practices." *EEOC
v. Catastrophe Mgmt. Solutions*, 852 F.3d 1018, 1030 (11th Cir. 2016). "So, for
example, discrimination on the basis of black hair texture (an immutable
characteristic) is prohibited by Title VII, while adverse action on the basis of black
hairstyle (a mutable choice) is not." *Id.* (citing with approval *Jenkins v. Blue Cross
Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168 (7th Cir. 1976) (en banc), which
recognized a claim for racial discrimination based on the plaintiff's allegation that
she was denied a promotion because she wore her hair in a natural afro). "To state
a race-discrimination claim under Title VII, a complaint need only 'provide
enough factual matter (taken as true) to suggest intentional race discrimination.'"
*Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (citation
omitted).

Both the Supreme Court and this Court have held that it is error to require an
employment discrimination plaintiff to plead the elements of a *McDonnell Douglas*
prima facie case at the pleading stage. *See Swierkiewicz v. Sorema N.A.*, 534 U.S.
506, 510–11 (2002); *Surtain*, 789 F.3d at 1246. "This is because *McDonnell
Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading

8

requirement." *Surtain*, 789 F.3d at 1246; *see Swierkiewicz*, 534 U.S. at 510. "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Swierkiewicz*, 534 U.S. at 511. For example, the *McDonnell Douglas* framework does not apply, even at the summary judgment stage, when the plaintiff alleges a mixed-motive discrimination claim. *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1237–38 (11th Cir. 2016).

"A district court's discretion to deny leave to amend a complaint is 'severely restricted' by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend 'when justice so requires.'" *Woldeab*, 885 F.3d at 1291. Where it appears that a more carefully drafted complaint might state a claim, a pro se plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that this rule does not apply to counseled plaintiffs). This is true even when "the plaintiff never seeks leave to amend in the district court, but instead appeals the district court's dismissal." *Id.* A district court need not grant leave to amend, however, if the plaintiff has made clear that she does not wish to amend, or if amendment would

be futile. *Id.* "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, the district court erred in evaluating Powers's race discrimination claim under the *McDonnell Douglas* framework at the pleading stage. It also abused its discretion by entering judgment for the defendants without first giving Powers leave to amend her complaint or assessing whether such amendment would be futile. Given that Powers's factual allegations are somewhat ambiguous and scattered throughout several filings and attachments, it is unclear whether she can allege facts supporting her claims under Title VII, the Whistleblower Protection Act, or other federal laws and regulations if she were given leave to file an amended complaint incorporating all of her claims against the defendants and the factual allegations supporting those claims. Still, the district court should have offered her that opportunity.

We therefore vacate the district court's order granting the defendants' motion for judgment on the pleadings and remand with instructions for the district court to advise Powers of the deficiencies in her complaint and give her an

10

opportunity to amend.  Powers's request to have her case reassigned to a different

district court judge on remand is DENIED.[2]

**VACATED AND REMANDED.**

---

[2] A federal judge must disqualify himself if his "impartiality might reasonably be questioned," where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or in other specified circumstances not applicable here.  28 U.S.C. § 455(a)–(b).  Powers has not alleged that the assigned district court judge has personal knowledge of disputed facts, and we find no basis in the record to question the judge's impartiality.  *See, e.g., McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).